IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02555-DME-KLM

ENVIRO NOISE CONTROL CORPORATION,

Plaintiff,

v.

STEALTH ACOUSTICAL & EMISSION CONTROL CORPORATION, and

STEALTH ACOUSTICAL & EMISSION CONTROL, INC.

Defendants.

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and 45 C.F.R. § 164.12(c), IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel to the parties hereto, and it is hereby ORDERED by the Court, that:

1. This Confidentiality Stipulation and Protective Order (the "Order") governs the handling of all information, material and documents, including, but not limited to, documents, testimony, interrogatory answers, responses to requests to admit and other information, including all copies, excerpts and summaries thereof (collectively, the "Litigation Material") produced or otherwise disclosed during the course of the above captioned action by any parties to this action or by any non-parties, either voluntarily or as required by discovery requests or subpoenas made pursuant to the Federal Rules of Civil Procedure.

2. Litigation Material shall be used only in this action (including any appeals), and not for any other purpose whatsoever.

#826622.1

3. Any party or non-party producing Litigation Material shall have the right to designate as "Confidential" any Litigation Material that constitutes or contains any non-public business, commercial, financial or personal information that the party or non-party, in good faith, believes would result in competitive or commercial harm in the market place if the material were disseminated to persons other than those specifically identified in Paragraph 11 below ("Confidential Material").

4. Any party or non-party producing Litigation Material shall have the right to designate as "Highly Confidential" any Litigation Material that constitutes, contains or would disclose trade secrets or other commercially sensitive, highly confidential research, development, commercial or financial information (such as rate or pricing information, strategic plans, market research and confidential agreements) ("Highly Confidential Material"). Highly Confidential Material shall not be disseminated to persons other than those specifically identified in Paragraph 12 below.

5. Any party or non-party who designates Litigation Material is referred to herein as the "Designating Party."

6. Any party to this action shall further have the right to designate as Confidential or Highly Confidential any Litigation Material that has been produced by another party or non-party if, in the good faith opinion of the Designating Party, such Litigation Material constitutes, contains or reflects Confidential or Highly Confidential Material of the Designating Party.

7. The designation of information as Confidential Material or Highly Confidential Material pursuant to this Order will not create any presumption for or against the right to confidential treatment of such information should the issue of the right to such confidential

treatment be presented to the Court. Nothing in this Order shall prevent a party from independently seeking or obtaining discovery, or obtaining publicly available material which may include some of the same documents covered by a confidentiality designation made pursuant to this Order.

8. Confidential Material and Highly Confidential Material shall be designated as follows:

(a) In the case of a document, designation shall be made by placing the legend "Confidential" or "Highly Confidential" on each page prior to production, or if impracticable to do so (such as in the case of electronic media), by another method designed to alert others to the designation.

(b) In the case of a deposition, designation of the transcript or the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential Material shall be made by a statement to such effect on the record during the course of a deposition, or by a statement in writing sent to all counsel of record within thirty (30) days after the receipt of the transcript of the deposition. During the thirty-day period, during which counsel may review the transcript to determine whether the transcript should be designated Confidential or Highly Confidential, the entire transcript shall be treated as Highly Confidential Material. If the designation is made during the course of the deposition, the reporter attending such deposition shall thereafter bind the transcript thereof accordingly. (The parties may modify this procedure through agreement on the record at such a deposition, without further court order.)

(c) In the case of interrogatory answers and responses to requests to admit, any designation that the Litigation Material contained therein is Confidential Material or Highly Confidential Material shall be made by means of a statement in such answers or responses specifying the specific answers or responses designated as Confidential or Highly Confidential.

9. All portions of briefs, pleadings or other filings with this Court that contain or refer to Confidential Material or Highly Confidential Material shall be filed under seal in accordance with D.C.COLO.LCivR 7.2 and 7.3, and kept under seal until further order of the Court. The parties agree that designating information as Confidential Material or Highly

Confidential Material shall be considered a "compelling reason" justifying filing under seal pursuant to D.C.COLO.LCivR 7.2. At the time of filing, such material shall be placed in a sealed envelope containing a cover page that complies with D.C.COLO.LCivR 7.3(B). The cover page shall also bear whichever of the two following legends is appropriate:

CONFIDENTIAL

This envelope contains documents that are subject to an order governing discovery and the use of confidential Litigation Material entered by the United States District Court for the District of Colorado in this action. The envelope shall not be opened nor the contents thereof disclosed or revealed except by order of the Court.

HIGHLY CONFIDENTIAL

This envelope contains documents that are subject to an order governing discovery and the use of highly confidential Litigation Material entered by the United States District Court for the District of Colorado in this action. The envelope shall not be opened nor the contents thereof disclosed or revealed except by order of the Court.

10. Should a non-designating party object to the Confidential or Highly Confidential designation, said party shall provide the Designating Party with written notice of such objections and the reasons therefor. The parties shall negotiate thereafter in good faith to resolve any dispute concerning such designation. If the parties are unable to resolve such a dispute, the objecting party may move the Court to remove the Confidential or Highly Confidential designation. If such a motion is made, the Designating Party shall bear the burden of proving that such material deserves such a designation under Fed. R. Civ. P. 26(c). Additionally, the Litigation Material that has been designated as Confidential or Highly Confidential shall be

treated as Confidential or Highly Confidential, respectively, until such time that the Court rules otherwise.

11. Confidential Material shall not be given, shown, made available or communicated in any way to anyone except:

  (a) counsel of record in this action, and attorneys, paralegals and other support staff employed or engaged by such counsel who are assisting in the conduct of this action;

  (b) the parties in this action, including their present and former officers, directors and employees deemed necessary to aid counsel in the prosecution or defense of this action;

  (c) experts or consultants (and employees of such experts or consultants) retained or consulted by the parties in connection with this action;

  (d) deponents or trial witnesses, during their examinations, who counsel for the examining party believes in good faith have a need to review such material;

  (e) the Court (and any appellate court), court personnel and the jury in this action;

  (f) court reporters employed in connection with this action;

  (g) any mediator engaged by the parties to the action;

  (h) persons not covered above who, from the face of the Confidential Material, appear to have received it;

  (i) entities engaged by counsel of record in this action to perform photocopying, scanning, database and other document management services; and

  (j) other persons on such terms and conditions that the parties agree to in writing or as ordered by the Court.

12. Highly Confidential Material shall not be given, shown, made available or communicated in any way to anyone except:

(a) counsel of record in this action, and attorneys, paralegals and other support staff employed or engaged by such counsel who are assisting in the conduct of this action;

(b) entities engaged by counsel of record in this action to perform photocopying, scanning, database and other document management services;

(c) experts or consultants (and employees of such experts or consultants) retained or consulted by the parties in connection with this action;

(d) deponents or trial witnesses, during their examinations, who counsel for an examining party believes in good faith have a need to review such material and who are either (i) identified on the face of the document as an author, addressee, recipient or person who has previously seen such Highly Confidential Material, or (ii) a person who has previously seen such Highly Confidential Material, as evidenced by previous testimony in the litigation or another document previously shown to that witness or deponent during their examination.

(e) the Court (and any appellate court), court personnel and the jury in this action;

(f) court reporters employed in connection with this action; and

(g) other persons on such terms and conditions that the parties agree to in writing or as ordered by the Court.

13. Each person identified in Paragraphs 11(c) and 11(d) above, prior to being given access to Confidential Material, and each person identified in Paragraphs 12(c), 12(d), and 12(g) above, prior to being given access to Highly Confidential Material, shall be advised that (i) the Confidential Material or Highly Confidential Material is being disclosed pursuant to and subject to the terms of this Order as entered by the United States District Court for the District of Colorado and may not be disclosed other than pursuant to the terms hereof, and (ii) the violation of the terms of the Order (by use of the Confidential Material or Highly Confidential Material for purposes other than conducting this action) may be punishable by whatever means the United

States District Court for the District of Colorado deems appropriate. Each such person identified in Paragraphs 11(c) and 12 (c) must expressly acknowledge in writing that he or she is familiar with the terms of the Order and agree to be bound by its terms prior to being granted access to the Confidential Material or Highly Confidential Material by signing the acknowledgment attached hereto as Exhibit A.

14. To the extent that any person or entity in Paragraphs 11(d) and 12(d) is shown Confidential Material or Highly Confidential Material, the party showing the Confidential Material or Highly Confidential Material will take reasonable steps to ensure that such person or entity is not allowed to retain copies of the same.

15. In the event that, through subpoena or other compulsory process, any person not named in Paragraph 11 requests the disclosure of Confidential Material, or any person not named in Paragraph 12 requests the disclosure of Highly Confidential Material, the person receiving such subpoena or compulsory process (the "Receiving Party") shall give notice in writing to counsel for the Designating Party, such notice to be delivered by facsimile transmission at least fourteen (14) days prior to the proposed disclosure or, if the request is received fewer than fourteen (14) days prior to the proposed disclosure, notice shall be given promptly and before the proposed disclosure. It shall be the obligation of the Designating Party to file a motion for a court order to preclude or restrict production of any Confidential Material or Highly Confidential Material requested pursuant to a subpoena or other compulsory process within seven (7) days of receiving such notice, or prior to the date the subpoena or other compulsory process requests disclosure of the Confidential Material or Highly Confidential Material, whichever is sooner. In the event that the Designating Party timely files such a motion, the Receiving Party shall not produce or

divulge the contents of any Confidential Material or Highly Confidential Material until such motion is resolved unless required by law. If the Designating Party fails to timely file such a motion or the Court determines that the requested documents shall be produced, the Receiving Party may produce such documents.

16. If a party inadvertently discloses Confidential Material to persons not listed in Paragraph 11 or Highly Confidential Material to persons not listed in Paragraph 12, such disclosure shall immediately upon discovery be reported in writing to the party or non-party that produced such inadvertently disclosed Confidential Material or Highly Confidential Material and the Designating Party who designated such inadvertently disclosed Confidential Material or Highly Confidential Material. In the event of inadvertent disclosure, counsel for the party who inadvertently disclosed the Confidential Material or Highly Confidential Material shall make all reasonable efforts to retrieve the Confidential Material or Highly Confidential Material and any documents containing such Confidential Material or Highly Confidential Material, and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Material or Highly Confidential Material in accordance with the terms of this Order.

17. The inadvertent production of Litigation Material without identifying such Litigation Material as Confidential or Highly Confidential shall not by itself be a waiver of the producing party or non-party's claim of confidentiality as to such material, and the producing party or non-party thereafter may identify the same as Confidential or Highly Confidential with the effect that such Litigation Material is and thereafter shall be subject to the protections of this Order. Disclosure by any party of such Litigation Material prior to notice by the producing party or non-party of the confidential nature thereof shall not be deemed a violation of this Order.

18.     If a party or non-party inadvertently produces Litigation Material that it believes is subject to the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery belonging to the producing party or non-party, the producing party or non-party may notify the receiving party that such production contained an inadvertent disclosure of privileged material, identify the allegedly privileged material and demand return thereof. On such demand, the Receiving Party must return such allegedly privileged materials and destroy all copies thereof. If the Receiving Party in good faith contemplates filing a motion challenging the designation of any such materials as privileged, it may retain one copy of the allegedly privileged material for the sole purpose of filing such copy with the Court under seal, in accordance with D.C.COLO.LCivR 7.2 and 7.3, along with the motion. In that event, the Receiving Party must place any such retained copy in a sealed envelope that will be opened only by the Court. If the Receiving Party does not file such motion, it shall destroy the sealed envelope. A party's return of such materials is without prejudice to its ability to assert the above-delineated position in such a motion. The parties agree that should such a motion be filed, the producing party or non-party preserves all rights to argue that the material was inadvertently produced, that the production did not waive any otherwise applicable privileges and that the material is and remains privileged. The parties acknowledge that their agreement that the Receiving Party is entitled to retain a copy of such materials for the purpose of filing the above-referenced motion does not constitute evidence of a waiver of any privilege which may be applicable to such materials. The burden of demonstrating the initial and continued applicability of any asserted privilege shall remain with the party or non-party asserting such privilege(s). Should the Receiving Party not prevail on the above-referenced motion or should the Court rule

that the Receiving Party must return the materials at issue, the Receiving Party promptly shall return any remaining copy of the materials at issue to the producing party or non-party.

19. When a party to this action (for the purposes of this Paragraph, the "Non-Producing Party") becomes aware that another party or a non-party has produced Litigation Material that the Non-Producing Party in good faith believes constitutes, contains or reflects material that is subject to that Non-Producing Party's attorney client privilege, work product protection or any other of that Non-Producing Party's privileges or immunities from discovery, the Non-Producing Party may direct the producing party or non-party to demand the return of such Litigation Material or such portion of said Litigation Material that is subject to a privilege or immunity from discovery, and the producing party or non-party shall demand the return of said materials. On such demand, the Receiving Party must return such allegedly privileged materials and destroy all copies thereof. If the Receiving Party in good faith contemplates filing a motion challenging the designation of any such materials as privileged, it may retain one copy of the allegedly privileged material for the sole purpose of filing such copy with the Court under seal, in accordance with D.C.COLO.LCivR 7.2 and 7.3, along with the motion. In that event, the Receiving Party must place any such retained copy in a sealed envelope that will be opened only by the Court. If the Receiving Party does not file such motion, it shall destroy the sealed envelope. A party's return of such materials is without prejudice to its ability to assert the above-delineated positions in such a motion. Conversely, the parties agree that should such a motion be filed, the Non-Producing Party preserves all rights to demonstrate the initial and continued applicability of any asserted privilege(s). The parties acknowledge that their agreement that the Receiving Party is entitled to retain a copy of such materials for the purpose

of filing the above-referenced motion does not constitute evidence of a waiver of any privilege which may be applicable to such materials. Should the Receiving Party not prevail on the above-referenced motion or should the Court rule that the Receiving Party must return the materials at issue, the Receiving Party promptly shall return any remaining copy of the materials at issue to the producing party or non-party.

21. This Order, insofar as it restricts the communication and use of Litigation Material, shall continue to be binding throughout and after the conclusion of this action, including any appeals. At the conclusion of this action, including the time for filing and resolution of all appeals, the parties shall within ninety (90) days destroy, in a manner assured of maintaining confidentiality, all Litigation Material, copies thereof and documents reflecting the same, and shall provide a sworn certification evidencing such destruction to the Designating Party, *provided, however*, that the parties shall retain and not destroy Litigation Material if destruction would violate the law and that each party or non-party may retain, subject to the terms and conditions of this Order, full copies of all papers filed with or submitted to the Court, deposition transcripts, exhibits marked at depositions or at trial, and any documents that were prepared by counsel in this action and that contain Litigation Material.

22. Nothing in this Order shall be construed to limit in any way any producing party or non-party's use of its own Confidential Material or Highly Confidential Material or non-confidential Litigation Material.

23. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

24. Except as set forth in Paragraphs 8(b), 11(j) and 12(g) only the Court can modify this order upon a finding of good cause.

DATED: *April 10, 2008*

BY THE COURT:

/s/ Kristen L. Mix

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

AGREED TO AS TO FORM AND SUBSTANCE
THIS ____ DAY OF APRIL, 2008.

PLAINTIFFS,
By their attorneys,

s/ Martha F. Bauer
Martha F. Bauer
Ronald C. Gorshe
Bruce L. Plotkin
BROWNSTEIN HYATT FARBER
 SCHRECK, P.C.
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4437

DEFENDANTS,
By their attorneys,

s/ Richard P. Holme
Richard P. Holme
Kenzo Kawanabe
DAVIS, GRAHAM & STUBBS LLP
1550 Seventh Street, Suite 500
Denver, Colorado 80202
(303) 892-9400

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02555-DME-KLM

ENVIRO NOISE CONTROL CORPORATION,

Plaintiff,

v.

STEALTH ACOUSTICAL & EMISSION CONTROL CORPORATION, and

STEALTH ACOUSTICAL & EMISSION CONTROL, INC.

Defendants.

## ACKNOWLEDGEMENT OF CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I hereby certify (i) my understanding that Confidential Material and/or Highly Confidential Material is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Protective Order (the "Order") entered by the United States District Court for the District of Colorado and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcement of the Order.

DATE:_____  SIGNATURE:_____

#826622.1